JOSEPH P. NOURIE *vs.* WILSON A. PECKHAM.

JULY 1, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is an action of assumpsit against the indorser of a promissory note to recover the balance due upon said note. The case, after verdict for plaintiff, is before us on defendant's exceptions to the rulings of the Superior Court denying his motion for a new trial; to the ruling sustaining the plaintiff's objection to a question asked by defendant's counsel and to the refusal of the trial court to allow the defendant to introduce a certain note; said exceptions being numbered 1, 3 and 5 in the bill of exceptions.

The declaration originally contained four counts. Plaintiff sought to recover certain sums from defendant as indorser of a promissory note and as a member of a partnership of which plaintiff was a creditor.

Before the trial, plaintiff was allowed to discontinue as to the first, third and fourth counts and trial proceeded only on the second count which declares that a promissory note, dated March 30, 1928, in the sum of $1,900 made by C. C. Stearns payable to plaintiff and indorsed by defendant, was duly protested for nonpayment.

The first exception is to the refusal of the trial court to grant a new trial. It appeared in evidence that plaintiff advanced to the Peckham Roofing Co., a partnership of which defendant was a member, the sum of $1,800 as consideration for the assignment to him of certain contracts and, desiring further security, he was given the note which is the basis of this action, the same purporting to bear the indorsement of the defendant.

Defendant denied that the indorsement was his signature and thereby raised the issue of forgery which was the sole question passed upon by the jury.

Defendant's third exception was taken to a ruling sustaining the plaintiff's objection to the following question

asked by defendant's counsel: "You didn't see fit to sue Calvin Stearns, this man who got you into the mess, did you?" Said question is objectionable for a number of reasons. The motive in not bringing suit against Stearns is immaterial; it is a double question and assumes the truth of certain facts not in issue. The Negotiable Instrument Act makes the indorser liable, G. L., 1923, Chap. 227, ss. 69, 70 and 72, and it was therefore proper for plaintiff, if he saw fit so to do, to sue the indorser alone. A further reason is that the question assumes a fact not proven. *Price* v. *Rosenberg*, 200 Mass. 36.

The fifth exception is based upon the refusal of the trial court to admit in evidence 48 notes and papers connected therewith not indorsed by defendant but set out in the discontinued counts of the declaration for the purpose of showing inferentially that defendant had no knowledge of notes and contracts other than those personally indorsed by him.

As the court was trying an action based upon the indorsement of the note in issue, the indorsement or non-indorsement of other notes declared upon in the discontinued counts of the declaration, was, at the time of offering such testimony, inadmissible. The court stated: "If you bring out something in your defence which permits you to get it in, all right, but, to this point, I don't see the materiality of it." This ruling was correct and defendant's exception thereto is overruled.

To the charge to the jury, as given by the court, no exception was taken nor did defendant request any special or additional charge or except to any part thereof. In the charge, the sole question referred to the jury was as to the genuineness of defendant's indorsement.

No exception being taken, this charge so given became the law of the case. *Jefferson* v. *Brown*, 135 Atl. 321; *McElroy* v. *Carney et al.*, 124 Atl. 98.

The sole contention between the parties being the genuineness of defendant's signature upon the note in

question, the time when such signature was placed upon the note being immaterial, (*Downey* v. *O'Keefe*, 26 R. I. 571), the trial justice having seen the witnesses and approved the finding of the jury, we cannot say that as a matter of law the refusal to grant a new trial was erroneous. *Surmeian* v. *Simons*, 42 R. I. 334; *Bova* v. *Scorpio*, 43 R. I. 98.

All of the defendant's exceptions are overruled and the case remitted to the Superior Court with directions to enter judgment on the verdict.

*Dooley, Jackvony, Curran & Dunn*, for plaintiff.
*Frank H. Wildes*, for defendant.

